UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DANIEL JUAREZ,<br><br>                       Plaintiff,<br>    v.<br><br>GETTERE, *et. al.*,<br>                       Defendants. | Case No. 3:20-cv-00247-MMD-CLB<br><br>ORDER |

**I.    SUMMARY**

This action began with a *pro se* civil rights complaint filed under 42 U.S.C. § 1983 by a state prisoner. On July 6, 2020, this Court issued an order directing Plaintiff Daniel Juarez to file his updated address with this Court within 30 days. (ECF No. 5.) The 30-day period has now expired. Plaintiff has not filed his updated address or otherwise responded to the Court's order. As further explained below, the Court will dismiss this action for failure to file an updated address.

**II.    LEGAL STANDARD**

District courts have inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (affirming dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (affirming dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal*

*Service*, 833 F.2d 128, 130 (9th Cir. 1987) (affirming dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (affirming dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to Defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

### III.  DISCUSSION

In this case, the Court finds the first two factors: (1) the public's interest in expeditiously resolving this litigation; and (2) the Court's interest in managing its docket, weigh in favor of dismissal. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, as a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the Court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors weighing in favor of dismissal discussed herein. Finally, the Court's warning that a failure to obey the Court's order will result in dismissal (ECF No. 5 at 1, 2) satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424.

The Court's order requiring Plaintiff to file his updated address with the Court within 30 days expressly stated: "It is further ordered that, if Plaintiff fails to timely comply with this order, the Court shall dismiss this case without prejudice." (ECF No. 5 at 2.) Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order to file his updated address within 30 days.

///

## IV. CONCLUSION

It is therefore ordered that this action is dismissed without prejudice for Plaintiff's failure to file an updated address in compliance with the Court's July 6, 2020 order (ECF No. 5).

It is further ordered that the application to proceed *in forma pauperis* (ECF No. 1) is denied as moot.

The Clerk of Court is directed to enter judgment accordingly and close this case.

DATED THIS 24th Day of August 2020.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

3